**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 05-cv-01265-WDM-MEH
(Consolidated with 05-cv-01344-WDM-MEH)

WEST PALM BEACH FIREFIGHTERS' PENSION FUND,
On Behalf of Itself and All Others Similarly Situated,

    Plaintiff,

v.

STARTEK, INC., et al.,

    Defendants.

**ORDER DIRECTING ENTRY OF FINAL JUDGMENT AND**

**ORDER OF DISMISSAL WITH PREJUDICE**

This matter came before me for hearing pursuant to Order, dated October 22, 2009, on the application of the parties for approval of the settlement set forth in the Stipulation of Settlement dated as of May 27, 2009 ("Stipulation"). I have considered all papers filed and proceedings had herein, heard argument of counsel and am otherwise fully informed in this matter. Accordingly, I FIND ORDER, ADJUDGE AND DECREE as follows:

    1.    This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

    2.    I have jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Class.

    3.    Pursuant to and in compliance with Rule 23 of the Federal Rules of Civil Procedure, I find and conclude that due and adequate notice was directed to all Persons and entities who are Class Members and who could be identified with reasonable effort, advising them of the Settlement, the Plan of Allocation and of their

right to object thereto, and a full and fair opportunity was accorded to all Persons and entities who are Class Members to be heard with respect to the Settlement and the Plan of Allocation.

4. I hereby certify, pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3), a Class defined as all Persons (and their beneficiaries) who purchased StarTek common stock between February 26, 2003 and May 5, 2005 (the "Class Period"), inclusive. Excluded from the Class are the Defendants; persons who during or after the Class Period were officers or directors of StarTek; any corporation, trust, or other entity in which any Defendant has a controlling interest; and the members of the immediate families of the Individual Defendants or their successors, heirs, assigns, and legal representatives.

5. No Class Member has objected to the Settlement or the Plan of Allocation, nor has any member requested to be excluded from the Class.

6. With respect to the Class, I find that: (a) the Members of the Class are so numerous that joinder of all Class Members in the class action is impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual question; (c) the claims of the Lead Plaintiff are typical of the claims of the Class; (d) the Lead Plaintiff and its counsel have fairly and adequately represented and protected the interests of the Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Class in individually controlling the prosecution of the separate actions, (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Class, (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum, and (iv) the difficulties likely to be encountered in the management of the class action.

7. I find the settlement was fairly and honestly negotiated, the outcome of

the litigation is in doubt as there exist serious questions of law and fact, immediate settlement may outweigh the possibilities of future recovery after expensive litigation and the parties believe the Settlement is fair and reasonable.  Accordingly, and pursuant to Federal Rule of Civil Procedure 23, I approve the settlement set forth in the Stipulation and find that said settlement is, in all respects, fair, just, reasonable, and adequate as to each of the Members of the Class, and that the Stipulation and settlement are finally approved in all respects, and the Settling Parties are directed to perform its terms.

8. I find and conclude that the formula for the calculation of the claims of Authorized Claimants which is set forth in the Notice of Pendency and Proposed Settlement of Class Action (the "Notice") sent to Class Members (Plan of Allocation), provides a fair, reasonable and adequate  basis upon which to allocate the proceeds of the Net Settlement Fund established by the Stipulation among Class Members, with due consideration having been given to administrative convenience and necessity and I approve the Plan of Allocation.

9. Upon the Effective Date hereof, the Lead Plaintiff shall have, and each of the Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Persons, whether or not such Class Member executes and delivers the Proof of Claim and Release form, and shall have covenanted not to sue the Released Persons with respect to any such Released Claims.

10. The Lead Plaintiff and all Class Members are hereby forever barred, enjoined, and restrained from instituting, commencing, prosecuting, or asserting any of the Released Claims, in any capacity, against any of the Released Persons.

11. Upon the Effective Date hereof, each of the Defendants shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever

released, relinquished, and discharged the Lead Plaintiff and counsel to the Lead Plaintiff from all claims (including Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement, or resolution of the Litigation or the Released Claims.

12.  The Notice of Pendency and Proposed Settlement of Class Action given to the Class was the best notice practicable under the circumstances, including the individual notice to all Members of the Class who could be identified through reasonable effort.  Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, the Private Securities Litigation Reform Act of 1995, and the requirements of due process.

13.  No order entered regarding any attorneys' fee and expense application shall in any way disturb or affect this Order directing entry of final judgment by the Clerk.

14.  Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants or their respective Related Parties, or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants or their respective Related Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  Defendants and/or their respective Related Parties may file the Stipulation and/or the Judgment from this action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion

or issue preclusion or similar defense or counterclaim.

15. Without affecting the finality of this Judgment in any way, I retain continuing jurisdiction over: (a) implementation of this settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, interest, and expenses in the Litigation; and (d) all parties hereto for the purpose of construing, enforcing, and administering the Stipulation.

16. In the event that the settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants or their insurers, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

17. The Litigation and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice as to the Lead Plaintiff and the other Members of the Class, as against each and all of the Released Persons.  The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

18. Judgment shall be entered dismissing the Litigation with prejudice and on the merits.

DATED at Denver, Colorado, on December 21, 2009.

BY THE COURT:

s/ Walker D. Miller
United States Senior District Judge

PDF FINAL